NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABEL RICARDO GARCIA GARCIA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-7464

Agency No.
A209-145-611

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 26, 2026
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

Petitioner Abel Ricardo Garcia Garcia ("Petitioner") seeks review of the

Board of Immigration Appeals' ("BIA") decision dismissing Petitioner's appeal of

the Immigration Judge's ("IJ") denial of his application for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT"), and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

cancellation of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We grant-in-part and deny-in-part the petition.

"Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), [we] will review the IJ's decision to the extent incorporated."  *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014).  "We review purely legal questions de novo, and the agency's factual findings for substantial evidence."  *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022).  "The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence."  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).  Under the substantial evidence standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Urias-Orellana v. Bondi*, 607 U.S. 537, 544 (2026) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)).

1. The BIA erred in concluding that Petitioner's "family" particular social group ("PSG") is not cognizable for lack of social distinction.  We have explained that "[t]he BIA must . . . follow the decisions of our court, and we will not defer to BIA decisions that conflict with circuit precedent."  *Melkonian v. Ashcroft*, 320 F.3d

---

[1] Petitioner does not challenge the denial of his cancellation of removal claim on appeal.

1061, 1065 (9th Cir. 2003). Here, the BIA's social distinction analysis hinged on *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), which conflicts with our precedent recognizing that "family remains the quintessential particular social group." *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). The BIA's conclusion, which amounts to a blanket rejection of familial distinctiveness for most families, was therefore erroneous. Because the BIA did not reach Petitioner's remaining arguments for his applications for asylum and withholding of removal, we remand to the BIA to perform the proper analysis of Petitioner's proposed "family" PSG.

2. Substantial evidence supports the agency's conclusion that Petitioner's "substantial physical likeness to a murdered brother that the police feared retaliation if recognized" PSG is not cognizable for lack of social distinction. The "'social distinction' prong . . . 'refers to social recognition' and requires that a group 'be perceived as a group by society.'" *Id.* at 1127 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 240 (BIA 2014)). Here, Petitioner provides no evidence showing that Mexican society considers persons sharing those characteristics to be a group or that this proposed group "exist[s] independently of the fact of persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 236 n.11). The record does not compel the conclusion that the agency erred in rejecting Petitioner's "substantial physical likeness to a

murdered brother that the police feared retaliation if recognized" PSG and so we deny the petition as to this argument.

3. We deny the petition with respect to Petitioner's CAT claim. The BIA determined that Petitioner waived this claim by failing to raise it before the BIA. "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). Here, Petitioner's brief to the BIA did not list the CAT claim as an issue on appeal and did not argue that the IJ erred in denying his CAT claim. Accordingly, Petitioner has failed to exhaust his CAT claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION GRANTED in part, DENIED in part, and REMANDED for further proceedings**. **The parties shall bear their own costs.**[2]

---

[2] The temporary stay of removal (Dkt. No. 5) remains in place until the mandate issues. The Government's motion to strike Petitioner's untimely memorandum in support of the motion for stay of removal (Dkt. No. 14) is denied.